UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LEWIS BRISBOIS BISGAARD & SMITH LLP,

        Plaintiff,

    -against-

LONSTEIN LAW OFFICE, P.C.; JULIE COHEN
LONSTEIN and WAYNE D. LONSTEIN,

        Defendants.

**COMPLAINT**
Case No.: 1:22-CV-0741 (BKS/CFH)

Plaintiff, as and for its Complaint, alleges as follows:

## THE PARTIES

1.     Plaintiff is a Professional Limited Liability Partnership engaged in the practice of law, organized and existing under the laws of California with its principal place of business in Los Angeles, California.

2.     Upon information and belief, Defendant LONSTEIN LAW OFFICE, P.C. is a Professional Corporation, organized and existing under the laws of New York with its principal place of business in Ellenville, New York.

3.     Upon information and belief, Defendants JULIE COHEN LONSTEIN and WAYNE D. LONSTEIN were and are attorneys at law, licensed to practice in the State of New York, and are principals of LONSTEIN LAW OFFICE, P.C. with offices in Ellenville, New York who are domiciled in New York.

## JURISDICTION AND VENUE

4.     This Court has diversity jurisdiction under 28 U.S.C. § 1332 since Plaintiff and Defendants are citizens and domiciliaries of different states and the amount in controversy is more than $75,000.

5.      This Court has venue since Defendants reside and do business in Ulster County, New York.

**THE APPLICABLE FACTS**

6.      In or about August, 2016, Plaintiff was appointed by Defendants' professional liability insurance carrier to represent and defend Defendants in two action, the first styled "Doneyda Perez, et al. v. DirecTV Group Holdings, LLC, etc., et al., filed in the United States District Court, Central District of California, Southern Division and bearing Case No. 8:16-cv-01440-JLS-DFM (the "California Action"), and the second styled "Angela Joaquin v. DirecTV Group Holdings, LLC, etc., et al., filed in the United States District Court, District of New Jersey, and bearing Case No. 15-8194 (MAS) (DEA) (the "New Jersey Action").

7.      Plaintiff accepted the appointments and Defendants consented to be represented by Plaintiff in both Actions. Plaintiff proceeded to defend both Actions on Defendants' behalf.

8.      In or about early August, 2020, Defendants' insurance provider advised Plaintiff and Defendants that the limits of coverage under the policy providing a defense had been exhausted and the insurance carrier no longer had an obligation to pay Plaintiff for its defense of Defendants in the Actions.

9.      Upon learning that Defendants' insurance provider would no longer pay Plaintiff for its services on behalf of Defendants, Plaintiff requested that Defendants agree to retain Plaintiff to continue to represent Defendants in both Actions.  Defendants declined and refused Plaintiff's request that Defendants substitute other counsel in place of Plaintiff. As a result, Plaintiff was obligated to continue to represent Defendants in the Action.

10.     On August 18, 2020, Plaintiff moved the Court in the California Action for leave to withdraw as counsel for Defendants.  The Court did not rule on this motion until January 20,

2021, at which time it granted the Motion to Withdraw.  In the New Jersey Action Plaintiff moved to withdraw on September 4, 2020. The Court did not decide the motion and instead granted a motion for summary judgment dismissing the New Jersey Action on January 20, 2021. During the time the Motions to Withdraw were pending, Plaintiff continued to diligently and vigorously represent Defendants as it was legally and ethically required to do.

11.     During the period of time that Plaintiff's Motions to Withdraw were pending, Plaintiff continued to provide Defendants, as it had done throughout the course of the representation, with periodic monthly invoices and written statements of Plaintiff's services and costs advanced with regard to both Actions, as well as a detailed record of the time, rate and description of the legal services performed and expenses incurred during that billing period.

12.     Plaintiff has duly demanded payment of the invoices, but Defendants have failed and refused to make payment.

## FIRST CLAIM FOR RELIEF
## (ACCOUNT STATED)

13.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 12 as though fully set forth herein.

14.     Plaintiff duly rendered invoices to Defendants for the service, labor and work performed, as set forth above.

15.     Defendants did not timely dispute their indebtedness pursuant to any of Plaintiff's invoices.

16.     By virtue of the foregoing, an account was taken and stated pursuant to which Defendants owe Plaintiff the principal amount of $176,213.31, exclusive of interest.

17.     This sum, which is the reasonable value of the service, labor, and work performed on Defendants' behalf, is due and unpaid, despite Plaintiff's demand, the principal and interest

from the dates of the invoices is now due and owing and remains unpaid.

## SECOND CLAIM FOR RELIEF
## (QUANTUM MERUIT)

18.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19.     Plaintiff provided to Defendants work, labor and services which were rendered at the special instance and request of Defendants and for which Defendants promised to pay Plaintiff.

20.     The sum of $176,213.31, which is the reasonable value of the work, labor and services rendered, is due and unpaid despite Plaintiff's demand, plus interest from the date of the invoices.

## THIRD CLAIM FOR RELIEF
## (UNJUST ENRICHMENT)

21.     Plaintiff realleges and incorporates all of the allegations contained in Paragraphs 1 through 20 as though fully set forth herein.

22.     Defendants were enriched and benefitted by Plaintiff's services on Defendants' behalf in the Action, all at the expense of Plaintiff who received no payment or compensation for Plaintiff's services.

23.     It is against equity and good conscience to permit Defendants to retain that benefit without paying Plaintiff the fair and reasonable value for those necessary services, to wit: $176,213.31, and they should be required to pay that amount plus interest from the dates of the invoices.

## FOURTH CLAIM FOR RELIEF
## (OPEN BOOK ACCOUNT)

24.     Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 23 as though fully set forth herein.

25.     Defendants are indebted to Plaintiff on an open book account for money due in the sum of $176,213.31, exclusive of interest.

26.     This sum which is the reasonable value of the service, labor and work, is due and unpaid despite Plaintiff's demands and issuance of invoices to Defendants, and the principal and interest accruing thereon from the dates of the invoices is now due, owing and remains unpaid.

WHEREFORE, Plaintiff respectfully requests entry of judgment against Defendants and each of them, and in Plaintiff's favor as follows:

(1)     On the First Claim for Relief, awarding Plaintiff $176,213.31;

(2)     On the Second Claim for Relief, awarding Plaintiff $176,213.31;

(3)     On the Third Claim for Relief, awarding Plaintiff $176,213.31;

(4)     On the Fourth Claim for Relief, awarding Plaintiff $176,213.31;

(5)     On all Claims for Relief, awarding Plaintiff interest according to proof from the date the invoices were issued to the date of judgment;

(6)     Awarding Plaintiff the costs and disbursements of this Action, including reasonable attorneys' fees; and

(7)     Granting such other and further relief as is just and proper.

Dated: New York, New York
       July 11, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP
PLAINTIFF

By: /s/ Peter T. Shapiro
     Peter T. Shapiro
     77 Water Street, 21st Floor
     New York, New York  10005
     (212) 232-1300
     Peter.Shapiro@lewisbrisbois.com